**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADRIAN HOLIDAY,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF UNION CITY, *et al.*,<br><br>    Defendants. | Civil Action No.: 14-8025<br><br>**ORDER** |

Before the Court is Plaintiff Adrian Holiday's ("Plaintiff") second Motion for Default Judgment against Defendant City of Union City ("Defendant"). It appearing that:

1. Defendant was served with the Complaint on February 6, 2015 and failed to answer. Default was entered against Defendant on June 3, 2015. (ECF No. 8 at 2 ¶¶ 3-4.)

2. Plaintiff appears to have made the instant Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), which governs entry of Default Judgment by the Clerk in circumstances where "the plaintiff's claim is for a sum certain." *See* Fed. R. Civ. P. 55(b)(1).

3. The text of Plaintiff's one-page motion appears to request Default Judgment in favor of Adrian Holiday against City of Union and City of Union Police Department. (ECF No. 11 at 1.) The City of Union Police Department is no longer a party to the instant action. (ECF No. 9.)

4. The certification submitted by Plaintiff's counsel in conjunction with the motion appears to be a copy of the earlier certification submitted by Plaintiff's counsel. (*Compare* ECF No. 11 at 2-3 *with* ECF No. 8 at 2-3.) As with the certification on the first Motion for Default Judgment, (ECF No. 10), the second certification also does not

1

set forth evidence sufficient for the Court to make the factual findings that are a prerequisite to entering Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). *See Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) ("Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default.").

5. On August 3, 2016, Plaintiff submitted a Certification of Damages, alleging that he was wrongfully arrested and imprisoned by the City of Union and the City of Union Police Department. (ECF No. 12.)

6. Plaintiff's certification alleges two sums. The first is $3,500 for a vehicle that he allegedly lost while he was incarcerated: "During the time I was incarcerated I lost my vehicle which was a White Dodge Minivan worth approximately $3,500.00." (ECF No. 12 at 2 ¶ 9.) The second is $100,000 that he "believe[s] [he] is entitled to" for "deprivation of [his] civil rights[.]" (*Id.* at 2 ¶ 9.) Given the conclusory nature of these statements, neither demonstrate a sum certain as required for default judgment. The Court requires supporting evidence to substantiate Plaintiff's claims.

Accordingly,

**IT IS** on this 30 day of January, 2017,

**ORDERED** that Plaintiff's Motion for Default Judgment is **DENIED** without prejudice; and it is further

**ORDERED** that within thirty (30) days of this Order, Plaintiff may file a new motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) accompanied by supporting evidence (in the form of declarations, affidavits, etc.) sufficient for the Court to make the factual findings required for entry of Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

**SO ORDERED.**

_____
CLAIRE C. CECCHI, U.S.D.J.